Proceeding by Mrs. Edward Richards against Nylka Land Company, Limited, to redeem land from a tax sale. Judgment for plaintiff, and defendant appeals. Affirmed.

Louis Alfred Ducros, of New Orleans, for appellant. Walter S. Lewis, of New Orleans, for appellee.

LECHE, J. At a public tax sale, on August 2, 1910, the treasurer of the city of New Orleans adjudicated to defendant a certain lot of ground with improvements thereon for the unpaid city taxes of the year 1908. Within the time prescribed by law plaintiff offered and attempted to redeem the property by tendering to defendant the amount of taxes, costs, interest, and penalties to which it was entitled, but the latter refused to accept the tender, and the only ground now urged on appeal to justify such refusal is that plaintiff had no right whatever to redeem said property either as owner, legatee, mortgagor, or creditor.

[1, 2] Plaintiff, in her effort to redeem the property, acted in the capacity of owner, and the law upon that subject has been several times reviewed by this court. It is now an established rule, recognized by our jurisprudence, that the word "owner," as used in the revenue law, does not only mean one who owns by a perfect title, but also includes one who possesses as owner. In fact, the text of the statute extends the right of redemption to an "owner or any person interested personally," etc. Section 62, Act 170 of 1898, p. 376. It was said in the case of Alter v. Shepherd, 27 La. Ann. 209, in reviewing the effect of a tax sale as to the right of redemption:

"The sole object of the state is to collect its revenues, and not to destroy rights, further than is absolutely necessary to effect such collection; and the right to redeem, we think, still exists in the owner or quasi owner," etc.

Again, in the case of State ex rel. Busha's Heirs v. Register of Conveyances, 113 La. 100, 36 South. 902, we said:

"We think that any one may, for the advantage of the owner, as negotiorum gestor, make payment for him of the redemption money, even without his knowledge."

See C. C. arts. 2133, 2134.

In the case of Bentley v. Cavallier, 121 La. 60, 46 South. 101, where the adjudicatee at tax sale attempted to deprive the defendant of the right of redemption on the ground that she had no title, this court said:

"One who has possessed a tract of land as owner for a number of years is considered in law as provisional owner, with exclusive rights of entry and possession, and is entitled to redeem the land from a tax sale."

[3] The plaintiff in this case is in a situation very similar to that of Mrs. Cavallier in the last-quoted case. The record shows that she, and before her her late father, from whom she has inherited, have been in the quiet, open, continuous, and undisturbed possession as owner of the property in dispute for a number of years. We are therefore of the opinion that she is entitled to the right of redemption. Her right to redeem was recognized by the judgment appealed from, and that judgment is affirmed.

---

(79 South. 209)

No. 23124.

STATE v. HIGHTOWER.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW ⊜⇒1182—CONFESSION OF ERROR—AFFIRMANCE.

Where the brief of the Attorney General on an appeal by the state from a judgment quashing the information acknowledges the trial court's ruling to be right and virtually abandons the appeal, the judgment for that reason will be affirmed.

Appeal from Fourth Judicial District Court, Parish of Lincoln; J. B. Crow, Judge.

J. R. Hightower was indicted for having willfully, unlawfully and knowingly caused the transportation of a named woman through and across the state through a portion of the parish of Lincoln for the purpose of prostitution, and with the intent to induce and compel her to become a prostitute. From a judgment quashing the information, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (Vernon A. Coco, of New Orleans, of counsel), for the State. John B. Holstead, of Ruston, for appellee.

LECHE, J. The present appeal is taken by the state from a judgment quashing an information. The brief of the Attorney General acknowledges that the ruling of the trial court accords with his opinion, and he has therefore virtually abandoned the appeal, and for this reason, the judgment appealed from is affirmed.